IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSE HIGINIO JARAMILLO-MARTINEZ**　　　　　　　　　　**PETITIONER**

**V.**　　　　　　　　　　**CIVIL ACTION NO. 3:24-cv-188 HTW-LGI**

**WARDEN BAYSORE**　　　　　　　　　　**RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Jose Jaramillo-Martinez petitioned for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Jaramillo-Martinez challenges the Bureau of Prison's ("BOP") calculation of his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194-249 (2018) ("FSA"). He specifically contends that the BOP erroneously determined that he was not entitled to FSA credit. Having now acknowledged and corrected the error, Respondent moves to dismiss the petition as moot.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477–78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

BOP records submitted by Respondent in support of the motion to dismiss, confirm that since the filing of the instant petition, the BOP determined that Jaramillo-Martinez is indeed entitled to FSA credit. As a result, 353 days of FSA credit were applied to his early release from BOP custody, and he was released on July 18, 2024. He is now in the custody of Immigration and Customs Enforcement ("ICE") on a preexisting immigration detainer, pending his removal from the United States. Given this evidence, to which Jaramillo-Martinez has not refuted or otherwise responded, the undersigned submits that this case no longer presents a live case or controversy, and Respondent's motion to dismiss the instant petition as moot should be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on August 30, 2024.

<u>s/ LaKeysha Greer Isaac</u>
UNITED STATES MAGISTRATE JUDGE
