IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSE HIGINIO JARAMILLO-MARTINEZ**                                                 **PETITIONER**

vs.                                                               **CIVIL ACTION No.: 3:24-CV-188-HTW-LGI**

**WARDEN D. BAYSORE**                                                                **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Jose Higinio Jaramillo-Martinez ("Jaramillo-Martinez"), pro se, petitioned for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while imprisoned at FCI Yazoo City Medium, Federal Correctional Institution. [Docket 1] at 1. Jaramillo-Martinez alleged that the Bureau of Prisons ("BOP") was "not crediting [his] earning time credits granted by the [First Step Act] due to an immigration detainer all in violation of" the First Step Act and the Due Process Clause. *Id.* at 3. In his "Request for Relief," Jaramillo-Martinez asked only for this Court to "order the [Bureau of Prisons] to credit [his] earning time credits to [his] computation sentence … and have [his] computation sentence recalculated with [his] earning time credits from [the First Step Act] credited to [him]." *Id.* at 11 (sic).

On July 24, 2024, Respondent Warden D. Baysore ("Baysore"), by and through the United States Attorney, moved to dismiss the petition for mootness. [Docket 6]. According to the motion—and its attached BOP records and declaration from a paralegal with the BOP—the BOP investigated Jaramillo-Martinez's claims. *Id.* at 1–2; [Docket 6-1, 6-2]. Determining "error," the BOP applied Jaramillo-Martinez's credits and released Jaramillo-Martinez to the custody of Immigration and Customs Enforcement on July 18, 2024. *Id.* Because Jaramillo-Martinez "received the relief requested in his petition," and because Jaramillo-Martinez is no longer under

the control or custody of the BOP, Baysore argued that "[t]he petition must now be dismissed as moot." [Docket 6] at 2.

The deadline for Jaramillo-Martinez to respond to this motion passed without word.

On August 30, 2024, Magistrate Judge LaKeysha Greer Isaac entered a Report and Recommendation in which her honor recommended that this Court grant Baysore's motion and dismiss this petition as moot. [Docket 7]. Magistrate Judge Isaac warned the parties that written objections to her honor's Report and Recommendation were due within 14 days and that failure to timely object "will bar [a] party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error." *Id.* at 2 (citing 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)).

Court staff mailed a copy of Magistrate Judge Isaac's Report and Recommendation to Jaramillo-Martinez, at his address on file—at FCI Yazoo City Medium, Federal Correctional Institution. *See* [Docket 8]. Understandably, due to the circumstances of this case, said copy, marked undelivered, returned. *Id.* No party thereafter objected. Litigants who seek to press their case must update their mailing addresses with this Court to receive service of filings. This Court finds that Jaramillo-Martinez, by failing to so update or take other action of record, has failed to prosecute his case.

Because Jaramillo-Martinez may not have received Magistrate Judge Isaac's Report and Recommendation, and thus not had occasion to object to same, this Court will afford him a de novo review of the Report and Recommendation as if he had broadly objected thereto. Having reviewed the record and made its own independent determination of the facts and law, this Court agrees with and adopts Magistrate Judge Isaac's Report and Recommendation.

The uncontroverted record evidence indicates that the BOP has given Jaramillo-Martinez the relief which he sought and that this petition for habeas corpus is moot. This Court holds no constitutional authority to preside over a petition that no longer presents a live case or controversy. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Jaramillo-Martinez's petition solely challenged his unapplied credits, which have now been applied, and, since he was released, this Court can do nothing to accelerate his release. The record shows that Baysore no longer holds control or custody over Jaramillo-Martinez, that Jaramillo-Martinez's petition does not challenge his conviction or initial confinement, and that he has not shown any "collateral consequences" remaining to preclude a finding of mootness. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

**IT IS ORDERED** that:

1. Due to mootness and Jaramillo-Martinez's failure to prosecute, this Court **ADOPTS** Magistrate Judge Isaac's Report and Recommendation ([Docket 7]); **GRANTS** Baysore's motion to dismiss ([Docket 6]); and **DISMISSES WITHOUT PREJUDICE** this habeas petition.

2. This Court will file a Final Judgment separately, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. This Court further directs the clerk's office to mail a copy of this Order, the Final Judgment, and Magistrate Judge Isaac's Report and Recommendation to Jaramillo-Martinez, both at his address on file as well as to "Central Louisiana ICE Processing Center, 830 Pine Hill Road, Jena, Louisiana 71342" (an additional address to which Baysore served the motion to dismiss).

SO ORDERED AND ADJUDGED this the 18th day of December, 2024.

/s/ HENRY T. WINGATE  
**UNITED STATES DISTRICT COURT JUDGE**